United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: APPLICATION OF MARYAM AKHGAR

Case No. 15-mc-80177-DMR

**ORDER DENYING APPLICATION FOR DISCOVERY WITHOUT PREJUDCE**

Re: Dkt. No. 1

Pro se applicant Maryam Akhgar has filed a document entitled "Enforcing of Subpoena of Records/Documents Miscellaneous." [Docket No. 1.] In the document, Ms. Akhgar appears to be requesting the court to order Intuit to produce information about certain QuickBooks accounts that Ms. Akhgar believes to be relevant to her claim in small claims court in Saskatchewan, Canada, against Jessica Bennett, Ashley Maids Inc., or Absolute Maids Inc.

The court construes Ms. Akhgar's document as an application for discovery under 28 U.S.C. § 1782, whose purpose is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). A district court is authorized to grant a Section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246.

The application does not clearly establish that the requirements of Section 1782 are met. First, Ms. Akhgar also does not clearly state what discovery she seeks from Intuit, describing it as only "the information of which IP address and which devices (an audit trail) these records have

come from." It is unclear what "these records" are.[1]  Second, Ms. Akhgar does not state that Intuit resides in or may be found in this district.  Third, Ms. Akhgar notes that Ms. Bennett has accused Ms. Akhgar of fabricating QuickBooks receipts and has alleged that Ms. Akhgar owes Ms. Bennett money "as shown by receipts made by her which need to be verified," but does not clearly state how the discovery sought is relevant to any claims, counterclaims, or defenses.  Fourth, the document also notes that there is a proceeding in small claims court, but attachments to the document suggest that there is a second proceeding before the Queen's Bench court; it is not clear what proceedings are pending, and which parties are involved in those proceedings.

Furthermore, the application does not address any of the discretionary factors that a court may consider whether determining whether to permit discovery under Section 1782.  Simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.  *Intel*, 542 U.S. at 264.  The Supreme Court has identified several discretionary factors that "bear consideration" in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;
>
> (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Id*. at 264-65.

The application is insufficient for the court to make a determination of whether she is entitled to the discovery she requests.  The court therefore **denies** Ms. Akhgar's application for an

---

[1] Ms. Akhgar further describes the discovery she seeks as "an audit trail" and "any encryptions" for "receipts" nos. 1099, 1172, 1107, 1121, 1147, 1148, 1149, 1151, 1152, 1119, 1150, 1153, 1154, 1157, 1161, 1158, 1162, 1159, 1165, 1166, 1168 that were sent to maryam.akhgar@gmail.com.  *See* Docket No. 2.

order requiring Intuit to produce discovery.  However, the denial is without prejudice.  Ms. Akhgar may file another application for discovery pursuant to Section 1782 if she is able to address the deficiencies noted in this order.

The court refers Ms. Akhgar to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties.  In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco.  Services are provided by appointment only.  Sign up in the appointment book located on the table outside the door of the Legal Help Center in San Francisco or Oakland or call appointment line, which for both locations is (415) 782-8982.

**IT IS SO ORDERED.**

Dated: June 29, 2015

_____
Donna M. Ryu
United States Magistrate Judge