UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION OF MARYAM AKHGAR | Case No. 15-mc-80177-DMR<br><br>**ORDER DENYING APPLICATION FOR DISCOVERY**<br><br>Re: Dkt. No. 6 |

Before the court is *pro se* applicant Maryam Akhgar's renewed application for discovery for use in a foreign tribunal or proceeding. This application seeks discovery relating to two proceedings in Canada: a small claims court case in Saskatchewan and a trademark infringement matter before the Queen's Bench. Ms. Akhgar requests discovery from Intuit regarding the originating IP address and device information for twenty-two QuickBooks invoices. For the reasons stated below, Ms. Akhgar's application is **denied**.

### I. LEGAL STANDARD

Although not specifically labeled as such, the court construes Plaintiff's document as an application for discovery under 28 U.S.C. § 1782, whose purpose is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). A district court is authorized to grant a Section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246.

## II.     DENIAL OF PREVIOUS APPLICATION

On June 24, 2015, Ms. Akhgar filed a document entitled "Enforcing of Subpoena of Records/Documents Miscellaneous." Ms. Akhgar appeared to be requesting that the court order Intuit to produce information about certain QuickBooks accounts that Ms. Akhgar believed to be relevant to her claim in small claims court in Saskatchewan, Canada against Jessica Bennett, Ashley Maids Inc., or Absolute Maids Inc.  [Docket No. 1.]

In an order dated June 29, 2015, the court construed Ms. Akhgar's document as an application for discovery under 28 U.S.C. § 1782, and found that it did not clearly establish that the requirements of Section 1782 had been met.

The court noted in its order that Ms. Akhgar's application did not clearly address (1) what discovery she sought from Intuit; (2) whether Intuit resides in or may be found in this district; (3) how the discovery sought was relevant to any claims, counterclaims, or defenses before the foreign tribunal or proceedings; (4) what foreign proceedings were pending, and which parties were involved in those proceedings; and (5) any of the discretionary factors that a court may consider when determining whether to permit discovery under Section 1782. *See Intel*, 542 U.S. at 264-65.[1]  The court therefore denied the application without prejudice.  The court also referred Ms. Akhgar's to this district's resources for *pro se* litigants.  [Docket No. 5 at 3.]

## III.     ANALYSIS OF RENEWED APPLICATION

Ms. Akhgar has now filed a renewed application.  [Docket No. 6.]  This application fails to cure defects identified in her prior request.  In particular, Ms. Akhgar still has not made clear how the discovery sought is relevant to either of the two proceedings in Canada to which she is a party.

---

[1] Simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so. *Intel*, 542 U.S. at 264.  The Supreme Court has identified several discretionary factors that "bear consideration" in ruling on a Section 1782 request: (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.  *Id*. at 264-65.

### A. Saskatchewan Small Claims Proceeding

The first proceeding is a small claims matter in the Provincial Court of Saskatchewan. [Docket No. 6 at 34.] Ms. Akhgar asserts that this action is between Ms. Akhgar or Ashley Maids & Care Services Inc., and Jessica Bennett or Ashley Maids Inc. or Absolute Maids Inc., and that Ms. Bennett has alleged that Ms. Akhgar fabricated QuickBooks invoices. *Id.* at 2. However, the Statement of Plaintiff's Claim filed in the Provincial Court of Saskatchewan makes no mention of Jessica Bennett as a party to the action or otherwise. Rather, Ms. Akhgar appears to be suing two former employees, Jennifer Mongowins and Chris Mongowins, for not returning cleaning supplies and equipment after they were terminated. *Id.* at 34. Nothing in Ms. Akhgar's application indicates that the authenticity of any of QuickBooks invoices identified in her application is in dispute or that Ms. Bennett's allegations of fraud are at issue in the Saskatchewan court. Therefore, Ms. Akhgar has not shown how the requested discovery is relevant to the Saskatchewan small claims proceeding.

### B. Trademark Case Before the Queen's Bench

In the Queen's Bench matter, Jessica Bennett and Ashley Maids Inc. are suing Maryam Akhgar and Ashley Maids & Care Services for trademark infringement. [Docket No. 6 at 38.] In that proceeding, Plaintiffs claim that Defendants never finalized the purchase of a franchise and that there was no agreement between Plaintiff and Defendants authorizing the use of the name "Ashley Maids." *Id.* at 38-42. None of the invoices requested by Ms. Akhgar in her renewed application involve or relate to the purchase of a franchise and trademark by Akhgar from Ashley Maids.[2] The invoices that Ms. Akhgar has identified are for consulting, cleaning, and cleaning supplies and equipment. *Id.* at 9-30.

The court notes that Ms. Akhgar requests multiple invoices related to consulting services. While a letter from Ms. Bennett's attorney states that Ms. Akhgar owes Ms. Bennett $95,000 for

---

[2] One invoice for Sales No. 1153 [Docket No. 6 at 20] mentions "consulting" related to "Move Outs R Us Trademark," but this trademark is not referenced in the statement of claims or anywhere else in Ms. Akhgar's application. Ms. Akhgar has failed to show that this invoice is relevant.

consulting fees [Docket No. 6 at 35-36], the statement of claim in the Queen's Bench proceeding makes no mention of the consulting fees. *Id.* at 37- 42. Ms. Akhgar has not shown that the requested discovery regarding the consulting invoices is relevant to the claims or defenses in the trademark infringement action. Therefore she has not established pursuant to Section 1782 that the discovery sought is for use in a foreign proceeding.

Ms. Akhgar's application does not indicate that the authenticity of any of QuickBooks invoices identified in her application is in dispute in the trademark matter, or that any of the invoices relate to the purchase of a franchise or license to use a trademark, or are otherwise relevant to the claims, defenses, or counterclaims in the Queen's Bench action.[3]

## IV.    CONCLUSION

The court **denies** Ms. Akhgar's application pursuant to Section 1782 for an order requiring Intuit to produce discovery for use in a foreign proceeding.

**IT IS SO ORDERED.**

Dated: November 24, 2015

Donna M. Ryu
United States Magistrate Judge

---

[3] Since the court has determined that Ms. Akhgar has not met the basic requirements of Section 1782, the court need not analyze the *Intel* discretionary factors.

4